**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8619 PA (SSx) | | Date | October 21, 2011 |
|---|---|---|---|---|
| Title | Erlis Bustillo v. Planet Financial Group, L.L.C., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on October 18, 2011 by defendant American Servicing Company ("ASC").  ASC asserts that this Court has jurisdiction over the action brought against it and defendants Planet Financial Group, L.L.C. ("Planet"), Fieldstone Investment Company ("Fieldstone"), and NDEX West, L.L.C. ("NDEX") (collectively "Defendants") by plaintiff Erlis Bustillo ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, ASC must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8619 PA (SSx) | Date | October 21, 2011 |
|---|---|---|---|
| Title | Erlis Bustillo v. Planet Financial Group, L.L.C., et al. | | |

be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

As an initial matter, it is unclear if ASC is attempting to remove the action solely on its own behalf or on behalf of itself, Planet, Fieldstone, and NDEX.  The Notice of Removal's first page indicates that it is being filed by attorneys representing only American Servicing Company.  However, the first page of the Notice of Removal also states: "Please take notice that Defendants Planet Financial Group, L.L.C., Fieldstone Investment Company, America's [sic] Servicing Company, and NDEX West . . . hereby remove to this Court the state court action . . . ."  Then, on the signature page, counsel identifies themselves as only representing Removing Defendant.  The Notice of Removal indicates that all defendants were served with the Complaint on October 7, 2011.

No joinders to the Notice of Removal were filed by Planet, Fieldstone, and NDEX.  Rather than conclude that ASC's Notice of Removal is procedurally defective because ASC did not obtain the consent of the remaining defendants, which ASC alleges were served with the Complaint, the Court will presume that the Notice of Removal was filed on behalf of all of the defendants and that they each join in the removal.  See 28 U.S.C. § 1446(a).

For purposes of establishing the citizenship of Planet, the Notice of Removal alleges that it is a limited liability company owned by MHR Capital Partners Master Account LP, MHR Capital Partners (100) LP, MHR Institutional Partners III LP, and IP III Mortgages Carry LP.  The Notice of Removal further alleges that each of those entities is owned by Dennis Neubert, Dana Hogland, and Kathy Payne.  According to the Notice of Removal, "Defendants are informed and believe and based thereon allege that neither Dennis Neubert, Dana Hogland nor Kathy Payne is a resident of California."  (Notice of Removal 3:18 - 4:1.)

Because ASC has alleged Planet's citizenship on "information and belief," and alleged only that Neubert, Hogland, and Payne do not "reside" in California, the Notice of Removal's allegations are insufficient to establish Planet's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, ASC's allegations are insufficient to invoke this Court's diversity jurisdiction.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-8619 PA (SSx) | Date | October 21, 2011 |
|----------|---------------------|------|------------------|
| Title | Erlis Bustillo v. Planet Financial Group, L.L.C., et al. | | |

Although the Notice of Removal asserts that Planet is a "sham defendant" because the Complaint's claims against it are barred by the applicable statute of limitations, the Notice of Removal's attempted invocation of the fraudulent joinder doctrine to excuse its inadequate allegations concerning Planet's citizenship because fraudulent joinder applies only to defendants whose presence would destroy diversity or run afoul of the limitation on a local defendant's ability to remove diversity actions to federal court. See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."). The Notice of Removal does not allege that the Court should disregard Planet's citizenship despite it sharing Plaintiff's citizenship. As a result, the Notice of Removal's discussion of Planet's alleged status as a "sham defendant" is misplaced.

Moreover, based on the allegations in the Complaint, the Court cannot say, based on this record, that Plaintiff has no possibility to recover against Planet on his fraud claim. "[I]t does not have to be shown that the joinder was for the purpose of preventing removal. Rather the question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[A]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." Id. (quoting Archuleta v. Am. Airlines, Inc., No. CV 00-1286 MMM (SHx), 2000 WL 656808 at *4 (C.D. Cal. May 12, 2000)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040 at *2 (N.D. Cal. July 19, 2006)). Where a defendant seeking removal makes claims of fraudulent joinder, a district court may examine evidence beyond the complaint. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)).

For all of the foregoing reasons, ASC has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. YC065665. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.